## MOONEY *vs.* THE ROME RAILROAD.

Although the charter of a railroad company authorized it to acquire such strips of land between its terminal points as it might deem necessary, the width of the right-of-way not being stated, yet when the road was located along and near the land now in dispute, and for thirty years the company did not take or use it, but it remained in the possession of others who claimed title to it, this was conclusive that it was not deemed necessary by the company for the successful operation of the road, and was not, therefore, a part of its right-of-way under its charter, no conveyance to the company or condemnation of the land appearing; and a verdict finding in favor of the company for the land, under such facts, was without sufficient evidence to support it.

May 1, 1886.

Railroads. Eminent Domain. Title. Before Judge ESTES. Floyd Superior Court. September Term, 1885.

The Rome Railroad Company brought suit against Mooney to recover a strip of land ten feet wide and eighty yards long. The plaintiff claimed under its charter, allowing it to acquire such strips of land as might be necessary. It showed also that the deeds under which the defendant held excepted the right-of-way of the company and bounded his land by such right-of-way. Several witnesses testified that a right-of-way fifty feet in width, twenty-five feet each way from the center of the track, was necessary for a railroad, and that such width would include the strips sued for. One witness testified that he was employed by the road, and in 1872, notified Leigh (under whom the defendant held) that the right-of-way was

twenty-five feet on each side from the center of the track; that Leigh asked if he must move his fence, and the witness replied no, unless the road wished to use the ground for some purpose.

The defendant showed that he and those under whom he claimed had been in possession since 1853; that Leigh, one of those from whom he bought, built a rock wall on the line now claimed by him and put his fence on it; that the railroad was built in 1848; that he bought without any notice of any claim by the railroad, and had been in possession about fifteen years.

The jury found for the plaintiff. The defendant moved for a new trial, which was refused, and he excepted.

REECE & DENNY; W. D. ELAM; DABNEY & FOUCHE', for plaintiff in error.

C. N. FEATHERSTON; JUNIUS F. HILLYER, for defendant.

BLANDFORD, Justice.

The Rome Railroad Company sued Mooney for a certain tract of land lying in the city of Rome. This company was chartered by the name of the Memphis Branch Railroad and Steamboat Company in 1839. Acts of 1839, p. 107. This company was authorized to acquire such strips of land between its terminal points as it might deem necessary, the width of the right-of-way not being mentioned in the charter, the name being now the Rome Railroad Company. The road was located, in 1848, along and near the land sued for. The company showed no conveyance to it, or condemnation of the land on which its right-of-way is located or the land sued for, but relied on certain reservations in deeds from John H. Lumpkin to John H. Underwood, dated January 9, 1851, containing this reservation: "reserving and excepting the right-of-way for the Memphis Branch Railroad, over which the said road now runs," and from Underwood to A. T. Hardin, dated March 12,

1851, with same reservation; and from Hardin to James Leigh, January 10, 1853, conveying a part of the same tract, and described as bounded by the railroad south and southeast. Leigh conveyed to Mooney the part of the land conveyed by Hardin to him, and afterwards the balance of land was conveyed to Mooney by Leigh, his wife and her trustee, in which the land is described as fronting on the Rome Railroad right-of-way.

There was no evidence that the railroad company ever had possession of the land sued for, or that it was ever a part of its right-of-way, but that James Leigh had possession of the land from 1853 to the time that Mooney purchased, and he went into the possession of the same. Leigh built a rock wall on land fronting on the railroad right-of-way, and claimed the same as his own property in 1853. The railroad company never took possession of this land as part of its right-of-way from 1848, the time of its location, to the present time. It may then be inferred that this land did not, in fact, constitute a part of its right-of-way. This seems to be conclusive, under the facts of this case. The company may have had the right, by license or otherwise, to use so much of this land as it deemed necessary, and the fact that for thirty years it did not take and use this land is conclusive that it was not deemed necessary by the company for the successful operation of their road. The land not so needed was no part of the company's right-of-way under its charter.

The verdict of the jury is without sufficient evidence to support it, and a new trial should have been granted.

Judgment reversed.